IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

Case No. No. 06-10072-JTM

ANTHONY MICHAEL ROMERO,

Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Anthony Michael Romero's Motion to Vacate (Dkt. No. 116) his sentence of imprisonment, which the court imposed on April 20, 2007 (Dkt. No. 85). Romero subsequently appealed his conviction to the Tenth Circuit Court of Appeals, which denied his appeal in an opinion filed April 1, 2008.

The only rationale (Dkt. No. 116, at ¶ 12) offered by Romero for the relief sought is his argument that his counsel was constitutionally ineffective by failing to file a writ of certiorari which would have presented his Fourth Amendment claim (relating to the search of a van driven by a co-defendant) to the United States Supreme Court.

The court will deny Romero's motion to vacate for two reasons. First, the constitutional guarantee of effective representation does not extend to the level claimed by Romero.

> The right to counsel at trial is guaranteed by the Sixth Amendment, but the Fifth Amendment due process clause governs the right to counsel for appellate proceedings. *See Ross v. Moffitt*, 417 U.S. 600, 610-11, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974); *Scott v. United States*, 473 F.3d 1262, 1264 (8th Cir.2007). Due process

>    guarantees a criminal defendant a constitutional right to counsel for her first appeal,
>    *Douglas v. California*, 372 U.S. 353, 357-58, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963),
>    and that right encompasses the right to effective assistance of counsel, *Evitts v.
>    Lucey*, 469 U.S. 387, 396-400, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).
>
>    Due process does not, however, guarantee a constitutional right to counsel
>    for a litigant seeking to file a certiorari petition in the United States Supreme Court.
>    *Ross*, 417 U.S. at 617-18, 94 S.Ct. 2437; *see Pennsylvania v. Finley*, 481 U.S. 551,
>    555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("[T]he right to appointed counsel
>    extends to the first appeal of right, and no further."); *see also* 28 U.S.C. § 1254 (writ
>    of certiorari is discretionary). Since the right to effective assistance of counsel
>    derives solely from the right to appellate counsel guaranteed by the right to due
>    process, *Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 71 L.Ed.2d 475
>    (1982), a litigant like Steele without a constitutional right to counsel cannot "be
>    deprived of the effective assistance of counsel." *Id.*; *see also Simpson v. Norris*, 490
>    F.3d 1029, 1033 (8th Cir.2007) ("where there is no constitutional right to counsel
>    there can be no deprivation of effective assistance."). In the absence of a
>    constitutional right to the effective assistance of counsel Steele's § 2255 claim for
>    ineffective assistance cannot succeed.

*Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008). *See also Booz v. Shanks*, 1997 WL 697931 (10th Cir. Nov. 6, 1997) (noting that movant "cannot assert ineffective assistance of counsel as to any failure on the part of his lawyer to file a petition for certiorari").

Further, even if Romero had a constitutional right to effective representation of counsel in presenting a writ of certiorari, under the standard established in *Strickland v. Washington*, 466 U.S. 668, 691 (2005), he must also show that such a writ would have succeeded. That is, a petitioner claiming ineffective assistance in failing to file a writ of certiorari "would have ... to show that she suffered prejudice" from the omission by demonstrating not only that "she would have succeeded in obtaining a writ of certiorari if counsel had filed a petition, but also a reasonable probability that she would have obtained relief as to her sentence." *Steele*, 518 F.3d at 988-89.

Romero, who merely asserts in his motion that his Fourth Amendment claim was "valid and winnable," (Dkt. No. 116, at ¶ 12), has not meet this standard.  He has presented no new argument

2

as to why he should be deemed to have standing to challenge the search of the van driven by the co-defendant.  As the Tenth Circuit noted in its opinion, given his own statements as to the nature of the van and the containers within it, "Mr. Romero unquestionably maintained no subjective expectation of privacy over the bags in the van." *United States v. Worthon*, 520 F.3d 1173, 1182 (10th Cir. 2008). As a result, "[*t*]*here is no doubt* that Mr. Romero lacks standing to challenge the search of the duffle bags." *Id.* (emphasis added).  The movant has failed to show that any writ of certiorari presented to the Supreme Court would have ultimately resulted in a different sentence.

    IT IS ACCORDINGLY ORDERED this 9th day of April that the defendant's Motion to Vacate (Dkt. No. 116) is hereby denied.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE